**Rodney L. WALKER, Plaintiff,**

v.

**John W. SHANNON, Acting Secretary of the Army, Defendant.**

Civ. A. No. 93–1098.

United States District Court, District of Columbia.

April 14, 1994.

*MEMORANDUM OPINION
AND ORDER*

SPORKIN, District Judge.

This matter comes before the Court on Defendant's Motion to Dismiss or in the Alternative for Summary Judgment and Plaintiff's Cross–Motion for Summary Judgment. Plaintiff has sued in this Court under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, for review of a decision by the Army Board for the Correction of Military Records ("ABCMR").

Plaintiff Rodney Walker is a former commissioned officer in the United States Army Reserve, who was involuntarily separated from the Army, via honorable discharge, on August 17, 1984. According to Army calculations, at the time of his separation, Walker was only six days of army service away from being permitted to stay in the army to complete his 20 years. Walker claims his retirement from the Army was precipitated by an evaluation in which the rating officer recommended that he not be promoted because the rating officer believed he exceeded the Army's weight limit for his height. Plaintiff disputes the Army's action in separating him from the service and brings this action to have it reversed. Specifically, Walker alleges that the decision of the ABCMR not to delete the negative evaluation from his record, and not to modify this adverse personnel action, was arbitrary and capricious, an abuse of discretion, and not in accordance with the law. The Court will grant Plaintiff's Cross–Motion and remand this matter to the Secretary.

*The Facts*

For Walker's height of 73 inches, the Army has established a weight limit of 208 pounds. The underlying dispute in part turns on whether Walker was in compliance with this requirement during an active duty training period in 1983.

Major Walker served as a member of the United States Army on active duty from 1958 to 1961, and as a member of the Reserve from 1961 until 1984. He was commissioned as an officer in the Army Reserve in 1968. In 1981, Major Walker was non-selected for promotion to Lieutenant Colonel by the 1981

Russell James Gaspar, Hanna, Gaspar & Osborne, Washington, DC, for plaintiff.

Diane Marie Sullivan, U.S. Attorney's Office, Washington, DC, for defendant.

Department of the Army Reserve Components Selection Board for being overweight. After a second review of Walker's file by the Selection Board on December 13, 1982, Maj. Walker was recommended for promotion to Lieutenant Colonel and assigned a promotion eligibility date of September 14, 1983. Walker received a letter from the Secretary of the Army, dated July 21, 1983, which informed him of his promotion:

1. By direction of the President, you are promoted as a Reserve commissioned officer of the Army effective on [14 Sep 83] to the grade in the branch shown. This promotion is contingent on your being medically qualified for retention on [14 Sep 83].

\* \* \* \* \* \*

2. No acceptance or oath of office is required. Unless you expressly decline this promotion within 60 days, your promotion will be effective as shown after [14 Sep 83].

Defendant's Ex. 1 at 57.

While on the promotion list, but prior to the effective date of his promotion, Mr. Walker performed his annual active duty training (ADT) tour at Fort Riley, Kansas from April 11 until April 22, 1983. Walker admits that at the beginning of the tour he weighed 215 pounds, seven pounds over the stated limit. Defendant's Ex. 1 at 34. Walker maintains that during the ADT period, he lost nine pounds and brought his weight within the limit prescribed by regulation. *Id.* From this tour, Mr. Walker received an Officer Evaluation Report (OER) prepared on May 20, 1983, which graded his performance. The OER included the comments of a rating officer and a senior rating officer. The OER's comment sections included the following positive evaluation by his rating officer:

Maj Walker accomplished considerable research in the development of a draft Memorandum of Understanding [MOU] in the care and custody of prisoners assigned to the US Army Correctional Activity [USACA] but incarcerated in the Fort Riley Installation Confinement Facility. He addressed areas presently misunderstood, such as provision for prisoner work supervision, and prepared a draft MOU for review and approval by the Provost Marshal and Commander, USACA. Additionally, Major Walker spent numerous hours visiting other provost marshal activities to familiarize with current Army enforcement doctrine. His ADT has been profitable in his professional development, as well as his willingness and ability to impart his considerable civilian expertise in various areas where he worked.

Defendant's Motion to Dismiss at 50. The senior rating officer also included the following statement:

MAJ Walker is a dedicated officer, who researches and writes well and who voluntarily worked 12–15 hours a day during this ADT. His efforts in formalizing an MOU between USACA and the PM will enhance good interface in future correctional activities. He has lost 85 pounds. He has lost 9 pounds during this ADT. He has excellent potential for USDB and related corrections staff assignments, and he has excellent instructor potential.

*Id.*

These positive observations were offset by the rater's description of Maj. Walker's substandard appearance and fitness. Part IV of the evaluation, entitled "Professionalism", makes plain the rater's view that Walker exceeded the Army's weight limit. While Walker received a rating of 1 in eleven of fourteen categories (with 1 being the highest degree of professionalism and 5 being the worst), he was found to have less than the highest degree of professionalism in the categories of "Maintains appropriate level of physical fitness", "Sets and enforces high standards", and "Possesses military bearing and appearance". In explaining Walker's mediocre score in these areas, the rater wrote: "MAJ Walker is under a strict weight reduction program including dieting, PT, and prescribed medication. Does not meet high standards of appearance due to his overweight condition." Defendant's Ex. 1 at 49. In another section of the report, the rater remarked further on his perception of Walker's weight problem:

MAJ Walker's appearance and professional military bearing are factors which need further improvement since his overweight

condition reflects unprofessionally upon the officer corps and is a distraction from what would otherwise make him an excellent officer.

*Id.* at 50. In the area where the rater was to comment on Walker's potential, the rater wrote, "I would not recommend this officer be promoted until he meets the Army's height and weight standard. Presently, [he] is capable of performing duties only in non-troop positions due to his overweight condition." *Id.*

Although it is clear from the OER that the rater made the "do not promote" recommendation because of Walker's overweight condition, there is no documentation in the record showing that Walker was ever weighed during the ADT period. Neither does the record contain any medical report showing Walker's weight during the relevant period.

As a result of this less than outstanding OER, a Report of Suspension of Favorable Personnel Action was initiated against the Plaintiff on July 27, 1983. Def.Ex. 1 at 59. This meant that Walker's scheduled promotion would be delayed. On October 7, 1983, the plaintiff's records were forwarded to a Department of the Army Promotion Review Board for reconsideration of his promotion status. *Id.* at 58. The Promotion Review Board considered the evidence it had before it and concluded that Walker was unpromotable specifically because he was overweight. The Board recommended that Walker's name be removed from the promotion list and be added to the not-recommended list. *Id.* at 65. On December 5, 1983, the Secretary of the Army approved the recommendations of the Board and Walker's name was removed from the promotion list.

The removal of Walker's name from the promotion list was deemed by the Army to be a second "passover", or non-selection for promotion. Because the Army treated its removal from the promotion list as a second "passover", it brought into play the regulation that states that an officer twice passed over for promotion must be retired. As a result of this provision, Maj. Walker was honorably discharged from the Army Reserve on August 17, 1984.

On May 24, 1986, Walker submitted an application for the correction of his military records to the Army Board for the Correction of Military Records. The application requested the removal from Walker's records of the May 20, 1983 OER and the removal of two reports for suspension of favorable personnel action that had been the direct result of the challenged OER. Def.Ex. 1 at 28. On May 17, 1988, Walker appealed his non-selection for promotion to the Army Board for the Correction of Military Records (ABCMR). On February 2, 1989, the entire matter was referred by the ABCMR to the Officer Special Review Board (OSRB) for "a comprehensive opinion for the guidance of the ABCMR regarding the issue(s) raised by the applicant." Defendant's Ex. 1 at 6.

The OSRB conducted an investigation of the disputed OER and on May 17, 1989 issued an advisory opinion to the ABCMR. Def.Ex. 1 at 7. In the course of the investigation, the OSRB contacted Walker's rating officer. The OSRB advisory opinion case summary outlined the rating officer's recollection:

> The rater had difficulty remembering both the applicant and the contested report. It was necessary to read the OER to the rater. He recalled following the reading of the OER that the applicant was on medication at the time of the ADT. The rater said it was not his policy to treat the reserve officers as described by applicant. He personally assigned each reservist the tasks to be accomplished during their training. He met with them on Friday of the first week to find out how things were proceeding and to go over their OER support form. He also met with them prior to their departure. The rater said it would have been rare for him not to have those meetings with the applicant. During that period, the command—as well as the Army—had begun to crack down on overweight soldiers. The gauge for determining overweight was "if you look overweight, you probably are," at which point you would be sent to the medics for a weigh-in. The rater said he never would have not recommended an officer for a promotion without having such documenta-

tion. It was his policy to give latitude and leeway to reservists. The applicant's duty performance was done to his satisfaction. The rater said he felt sure they talked about the amount of weight the applicant had lost prior to and during ADT. The rater was positive he did not make judgments about the applicant's weight based upon how he looked in his BDU's [Battle Duty Uniform].

Def.Ex. 1 at 14. Relying on the rating officer's statements and Walker's own admission that he had arrived at ADT weighing 215 pounds (seven over the relevant limit) the OSRB concluded that Walker had failed to provide "any cogent evidence" to substantiate his claim of weight loss during the ADT or any basis to overcome the OER's presumption of regularity. *Id.* at 7. The OSRB issued an advisory opinion on May 17, 1989 which recommended no change or deletion of the contested report. *Id.* at 8.

The ABCMR also referred the matter to the Office of the Judge Advocate General ("OTJAG") for a review of Walker's complaint and the regulations relevant to his discharge. OTJAG responded to this inquiry on July 27, 1990. Defendant's Ex. 1 at 17. The OTJAG report recommended no action be taken to change Walker's status. The report reviewed the relevant regulations and the basis for Walker's separation from the Army. The report found that Walker had "submitted insufficient relevant evidence to demonstrate the existence of material error." *Id.*

Based on the reports from OTJAG and OSRB, the ABCMR issued its Memorandum of Consideration on February 13, 1991. Def Ex. 1 at 1–5. The ABCMR memorandum concluded that the OER was "a fair, objective, and valid appraisal" of Walker's demonstrated performance. *Id.* at 4. Thus, there was no reason for removing the OER from Walker's file. Relying on the OTJAG report, the ABCMR further found there to be nothing irregular in Walker's subsequent non-selection and separation from the service. The ABCMR concluded that Walker was not removed from the promotion list "for being overweight, he was removed from the promotion list by the Secretary of the Army

based upon a recommendation by a Promotion Review Board." *Id.* This distinction means that the removal from the list could be considered a second non-selection for promotion. The memorandum concludes with the determination that "The applicant has failed to submit sufficient relevant evidence to demonstrate the existence of probable material error or injustice." *Id.* at 5.

Plaintiff makes four contentions as to why the Army's decision to terminate him was improper. First, Plaintiff contends that the OER which prompted his eventual dismissal from the Army was not supported by substantial evidence. He maintains that he did come within the weight limit during the active duty training and that the evaluating officer took no steps to verify whether he was in compliance or not. Second, Plaintiff asserts that his removal from the recommended list of promotable officers was contrary to law. This is because at the time of his removal, Plaintiff claims he was not merely "promotable", but that he had actually been promoted. Third, Plaintiff insists that the Army ignored its own regulations when it treated the removal of plaintiff's name from the recommended list as a second "passover" requiring his separation from the Army. Fourth, Plaintiff alleges that the Correction Board did not properly calculate Plaintiff's qualifying service time. Had Walker accumulated 18 years of qualifying service, he would have been permitted to stay in the service to complete 20 years. According to the Army, the Plaintiff had completed, at most, 17 years, 11 months and 24 days on the date of his separation. *See* Def.Ex. 1 at 72. Plaintiff asserts that he had accumulated a number of inactive duty and participation points, which, if properly credited towards his qualifying service, should have permitted his retention.

*Analysis and Decision*

Walker is bound by the ABCMR's determination unless he is able to show that the determination was arbitrary, capricious, contrary to law, or unsupported by substantial evidence. Walker must make this showing by "clear and convincing evidence." *Wronke v. Marsh,* 787 F.2d 1569, 1576 (Fed. Cir.1986). The Court recognizes that it is

not its function to serve as a super correction board and reweigh the evidence. Nor may this Court substitute its own judgment for that of the Correction Board when determining the fitness of a soldier to serve. *Heisig v. United States,* 719 F.2d 1153, 1156 (1983). The standard of review in this case is as follows:

> [R]eview of the administrative decision is limited to determining whether the * * * action was arbitrary, capricious, or in bad faith, or was unsupported by substantial evidence, or contrary to law, regulation, or mandatory published procedure of a substantial nature by which [the complainant] has been seriously prejudiced.

*Id.* (quoting *Clayton v. United States,* 1980 WL 13179, 225 Cl.Ct. 593, 505 (1980)) (brackets in original). This standard of review does not require a reweighing of the evidence, "but a determination of whether *the conclusion being reviewed* is supported by substantial evidence." *Heisig,* 719 F.2d at 1157 (emphasis in original).

Cognizant of the limits of its authority when reviewing decisions by the Department of the Army, this Court nonetheless believes that Walker's appeal has merit. Upon review of the Administrative record, this Court finds that the ABCMR's conclusion that the OER should not have been removed was arbitrary, capricious, and not supported by substantial evidence. The Court finds that the ABCMR's conclusion that Walker was not removed from the promotion list for being overweight is without support in the record. In addition, the Court believes that according to Army regulations, Walker's removal from the list should not have been treated as a second passover for promotion.

 The OER in question emphasizes that Walker was not recommended for promotion for one reason: his weight. The rating officer mentioned Walker's weight a number of times in the document, and it is clear that had the rating officer believed Walker fell within the Army's weight limit, he would have recommended Walker for promotion. However, the rating officer's report did not contain any evidence that Walker had been sent to the medics for a "weigh-in". Maj. Walker asserts that he was judged improperly by the rating officer's subjective assessment of his weight, without being measured on a scale. This assertion is confirmed by the rating officer's standard for overweight officers, as reflected in the OSRB's advisory opinion: "If you look overweight, you probably are." The rater's contention that he would not have recommended an officer for promotion without sending that officer to the medic for a weigh-in is not supported in the record. There is no document showing that Walker was weighed during or at the conclusion of the ADT and failed to meet the weight requirement. The only mention of a "weight amount" in the OER was the senior rater's notation that Walker had lost a great deal of weight and lost nine additional pounds during the ADT. This is further confirmation of Walker's contention that he had in fact achieved the Army's weight goals during the relevant time period.

Army Regulation ("AR") 623–105 requires that rating officers use "all reasonable means" to prepare "an objective and comprehensive evaluation of the rated officer's performance." AR 623–105 ¶ 3–6d, 6f. AR 600–9 [1], which establishes weight limits and procedures for dealing with overweight Army personnel, requires that commanders properly document recommendations and actions taken with respect to officers presumed to be overweight. AR 600–9 ¶ 3–5a.

Contrary to these regulations, Walker's rating officer did not document his assertions in the OER that Walker was overweight. No medical report which would have established Walker's weight during the ADT is included in or referred to in the record. Nor did the rating officer include a photograph of Walker in his official military personnel file.[2]

---

1. AR 600–9, effective January 2, 1977, is the pertinent regulation for the period at issue. This regulation was amended and the new version became effective April 15, 1983. The Army does not dispute that Walker's case is governed by the earlier version.

2. When an individual "has made no conscientious effort to correct deficiencies" a photograph of the serviceman may be included in the file as documentation of the individual's failure to maintain his weight. *See* AR 600–9 ¶ 3–5d(2)(b)1.

In addition, the applicable regulation stated that no unfavorable information regarding an officer's weight control should be included in an officer evaluation report, unless satisfactory progress is not being made, or the overweight condition is due to apathy or lack of self-discipline. AR 600–9 ¶ 3–5d(2)(b)1–2. The disputed OER in this case made it clear that Major Walker had been making progress toward solving his weight problem. Indeed, the senior rater commented specifically that Walker "is apparently on the right track to lose additional overweight." Def.Ex. 1 at 50. Yet the rater, contrary to regulation, recommended that Walker not be promoted for failure to meet Army weight standards.

The Court holds that the disputed OER violated applicable Army regulations in two ways. First, the rating officer did not adequately document or verify with objective facts his observation that Walker exceeded the Army's weight limit. Second, the rating officer recommended that Walker not be promoted on the basis of this observation, even though the applicable regulation stated that no negative recommendations could be made unless the rated officer was not making progress in this regard. The rating official's "do not promote" recommendation, juxtaposed with the senior rater's mention of Walker's tremendous progress in losing weight, make the OER, on its face, internally inconsistent. It is both substantively and procedurally deficient.

The ABCMR's conclusion that Walker was removed from promotion list for some reason other than the references to his weight in the OER, (see Def.Ex. 1 at 4.) is contradicted by the evidence in the record. The ABCMR cannot rely on a highly technical interpretation of Army regulations to support its denial of a promotion for Maj. Walker. The Army's argument places form over substance. Walker was not promoted for one reason—an evaluating officer thought he was too heavy for the Army. Under Army procedures at the time, Walker was entitled to consideration for his demonstrated self-discipline as he waged his private "battle of the bulge". Walker was not given this consideration, and the OER improperly contained a recommendation that he not be promoted.

■ Finally, the Court also believes that the Secretary erred in making the determination that the removal of Walker's name from the promotion list should be considered a second passover, requiring immediate retirement. The Secretary relies on AR 135–155 ¶ 3–13a(1), which provides that the Secretary of the Army may remove a member's name from a recommended list "if the reason for removal is the result of an investigation or proceedings of a court-martial or board of officers which results in the member's retention in an active status." AR 135–155 ¶ 3–13a(1), found in Def.Ex. 2. Maj. Walker contends that he was removed from the recommended list, not by action of the Secretary, but on the basis of action by Headquarters of the Department of the Army ("HQDA"), under AR 135–155 ¶ 3–13a(2). This distinction is important because when HQDA removes the name of a member from the promotion list, such removal "will be declared null and void and the member will not be considered a nonselection" unless other criteria, not applicable to the instant case, are met. See AR 135–155 ¶ 3–13b(2). By contrast, when a member's name is removed by the Secretary, it is considered a nonselection. See AR 135–155 ¶ 3–13a(1)

The Court holds that under the confused and difficult to interpret relevant Army regulations in force at the time, Maj. Walker was removed from the promotion list by action of HQDA, not the Secretary of the Army. This conclusion is based in part on a letter sent to Major Walker from the Army Reserve Components Personnel and Administration Center. See Def.Ex. 1 at 65. The letter is titled, "Subject: Nonselection for Promotion After Second Consideration" and attempts to explain why Maj. Walker was removed from the promotion list:

> Army Regulation 135–155, para 3–13a(2)(f), provide that Headquarters Department of the army may remove the name of an officer who was ineligible for selection because he was non-promotable due to being overweight. The removal of your name from the promotion list was not contrary to AR 135–155.

Id. The letter also mentions that this removal was to constitute a second passover.

The letter makes two errors. First, it makes reference to the August 1, 1983 update of AR 135–155, which was not applicable to Walker's situation. *See* Plaintiff's Reply to Plaintiff's Supplemental Brief, Ex. A. And second, it conveniently ignores that the updated version of the regulation, under which Walker was presumably separated from the Army, provided specifically that a removal on the basis of overweight would *not* count as second passover. *Id.* OTJAG's post hoc rationalizations for why the removal of Walker's name occurred at the behest of the Secretary of the Army are not supported by the Record. All indications show that the action was taken by HQDA. Therefore, his removal from the list should not have been treated as a second passover.

The decision of the ABCMR not to remove the contested OER will be vacated and the matter remanded to the Board to take appropriate action. An appropriate order accompanies this opinion.

### ORDER

Upon consideration of Defendant's Motion for Summary Judgment, Plaintiff's Cross–Motion, all opposition thereto, and having heard argument by the parties, it is hereby

**ORDERED** that the decision of the Army Board for the Correction of Military records not to remove the OER dated May 20, 1983 from Plaintiff's record be vacated; and it is further

**ORDERED** that this case be remanded to the Board so that it may take all appropriate action not inconsistent with this opinion.